# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,     :     Case No. 1:12-cr-074
                                             Also Case No. 1:15-cv-607

                                             District Judge Susan J. Dlott
  -  vs  -                                  Magistrate Judge Michael R. Merz

PIERRE LAMAR SHAW,

        Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Pierre Shaw's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 37).  District Judge Dlott referred the case to the undersigned and the Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Shaw asserts he is entitled to relief on the basis of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 133 S. Ct. 2551 (2015). In *Johnson*, the Court held that imposing an increased sentence under the "residual" clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) violates the Due Process Clause of the Fifth Amendment because the language of the clause is too vague to give ordinary persons fair notice of the conduct it punishes. *Johnson* at 2556-7, citing *Kolender v. Lawson,* 461 U.S. 352 (1983), and *Connally v. General Constr. Co.,* 269 U.S. 385 (1926).

The residual clause invalidated in *Johnson* made eligible for enhanced punishment a felony which was burglary, arson, or extortion "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson* at 2255-56, quoting 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis sic).

*Johnson* is inapplicable to this case because Shaw did not receive an enhanced punishment under § 924(e)(2)(B)(ii). Under his Plea Agreement, Shaw pled guilty to Count 1 of the Indictment which charged him with a violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e) (ECF No. 20). Count 1 of the Indictment charges in relevant part that, prior to his possession of the firearms involved in this case, Shaw had been convicted twice of robbery (Case Nos. B0706326-B and B0505088) and once of aggravated assault (Case No. B0404326), all in the Hamilton County Court of Common Pleas (ECF No. 3). These three prior felony convictions come within § 924(e)(2)(B)(i) in that each of them is a "violent felony" within the meaning of the statute because each "has as an element the use, attempted use, or threatened use of physical force against the person of another." Under Ohio Revised Code § 2911.02, a conviction for robbery requires possession of a deadly weapon or inflicting or threatening to inflict physical

harm on another or using or threatening the immediate use of force against another. Under Ohio Revised Code § 2903.12, aggravated assault requires causing serious physical harm to another.

Because Shaw was not convicted under the residual clause of 18 U.S.C. § 924(e). *Johnsom* does not make his punishment unconstitutional. It is therefore respectfully recommended that Shaw's § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 23, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).