# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 1:12-cr-074
                                                         Also Case No. 1:15-cv-607

                                                         District Judge Susan J. Dlott
   -  vs  -                                       Magistrate Judge Michael R. Merz

PIERRE LAMAR SHAW,

                Defendant.         :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant Pierre Shaw's Objections (ECF No. 40) to the Magistrate Judge's Report and Recommendations (ECF No. 39) recommending Shaw's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 37) be denied.  District Judge Dlott has recommitted the case for reconsideration in light of the Objections (ECF No. 41).

      Shaw claimed he was entitled to relief because he had been convicted as an armed career criminal under the residual clause of 18 U.S.C. § 924(e) which was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). The Report concluded Shaw was not eligible for relief because he was not convicted under the residual clause of § 924(e), i.e., § 924(e)(2)(B)(ii).

      The Report found that Shaw was eligible to be found to be an armed career criminal in that he had been previously convicted twice of robbery (Case Nos. B0706326-B and B0505088)

1

and once of aggravated assault (Case No. B0404326), all of these being violent felonies within the meaning of § 924(e) (Report, ECF No. 39, PageID 109).

Shaw disagrees with the Report's analysis (Objections, ECF No. 40, PageID 113, relying on *United States v. Perry*, 703 F.3d 906 (6th Cir. 2013)). He notes, correctly, that he was convicted of aggravated assault under Ohio Revised Code § 2903.12 and argues that the *Perry* court found that such a conviction can only count as a prior violent felony under the residual clause of § 924(e).

Shaw misreads *Perry*. The statute in question, 18 U.S.C. § 924(e)(2)(B) defines "violent felony"

> as any crime, punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**.

(Quoted in *Perry, supra*, at 910.) The so-called residual clause found unconstitutional in *Johnson* is the boldfaced clause in the quotation. The *Perry* court did conclude that aggravated assault under Ohio Revised Code § 2903.12 comes within the residual clause. But it also noted that "§2903.12 does require violence, in light of the statute's provision that the offender cause serious physical harm or physical harm by means of a deadly weapon." *Id.* quoting *United States v. Rodriquez,* 664 F.3d 1032, 1037 (6th Cir. 2011). The *Perry* court also held that "[t]o determine whether a crime fits within [§ 924(e)(2)(B)], we look 'only to the fact of conviction and the statutory definition of the prior offense.'" *Id.* quoting *Shepard v. United States*, 544 U.S. 13, 17

(2005) (quotation marks omitted).  In other words, the *Perry* court concluded an Ohio aggravated assault conviction under Ohio Revised Code § 2903.12 is a violent felony under both 18 U.S.C. § 924(e)(2)(B)(i) and (ii).  The *Johnson* decision only invalidates the second of those conclusions.

As the Report noted, Ohio Revised Code § 2903.12 on its face has an element of violence, to wit, causing serious physical harm to another (Report, ECF No. 39, PageID 110).  Shaw's conviction for aggravated assault under that statute qualifies as a violent felony.

It is therefore again respectfully recommended that Shaw's § 2255 Motion be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 19, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).