IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,      :     Case No. 1:12-cr-074
                                      Also Case No. 1:15-cv-607

                                        District Judge Susan J. Dlott
- vs -                                 Magistrate Judge Michael R. Merz

PIERRE LAMAR SHAW,

        Defendant.     :

---

# ORDER ADOPTING REPORTS AND RECOMMENDATIONS

---

    The Court has reviewed the Report and Recommendations and Supplemental Report and Recommendations of United States Magistrate Judge Michael R. Merz (ECF Nos. 39 & 42) to whom this case was referred pursuant to 28 U.S.C. § 636(b) and Petitioner's Objections to each of those filings (ECF Nos. 40, 43). Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* all portions of the Reports and Recommendations to which objection has been made.

    Shaw asserts he is entitled to relief on the basis of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 133 S. Ct. 2551 (2015). In Johnson, the Court held that imposing an increased sentence under the "residual" clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) violates the Due Process Clause of the Fifth Amendment because the language of the clause is too vague to give ordinary persons fair notice of the conduct it

1

punishes. *Johnson* at 2556-7, citing *Kolender v. Lawson*, 461 U.S. 352 (1983), and *Connally v. General Constr. Co.*, 269 U.S. 385 (1926).

The residual clause invalidated in *Johnson* made eligible for enhanced punishment a felony which was burglary, arson, or extortion "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson* at 2255-56, quoting 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis sic). The Magistrate Judge concluded Shaw was not eligible for relief under *Johnson* because he did not receive enhanced punishment under the residual clause declared unconstitutional in *Johnson*. Instead, his Armed Career Criminal Act sentence was under 18 U.S.C. § 924(e)(2)(B)(i) because the predicate offense of aggravated assault had as an element "the use, attempted use, or threatened use of physical force against the person of another" in violation of Ohio Revised Code § 2903.12. That statute has on its face an element of violence, to wit, causing serious physical harm to another.

Most recently Shaw has objected that Ohio Revised Code § 2903.12 "does not contain a stand-alone force clause, relying on *United States v. Cooper*, 739 F.3d 873 (6th Cir. 2014), and *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012)(Objections, ECF No. 43, PageID 121).

In *Cooper*, the Sixth Circuit was dealing with aggravated assault under Tennessee law and concluded it did not qualify as an offense of violence because it could be committed recklessly. 739 F. 3d at 879, citing *United States v. Portela*, 469 F.3d 496, 499 (6th Cir. 2006). In contrast, Ohio Revised Code § 2903.12 requires that a person knowingly cause serious physical harm.

The Sixth Circuit's holding in *Anderson* is directly contrary to Shaw's interpretation of the decision:

> We find that aggravated assault in Ohio is a "violent felony" under § 924(e)(2)(B)(i) because it "has as an element the use, attempted

2

use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has clarified that "physical force" as used in § 924(e)(2)(B)(i) means "violent force—that is, force capable of causing physical pain or injury to another person," and not mere unwanted touching, which would be incapable of causing such physical [**20] pain or injury. *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265, 1270-72, 176 L. Ed. 2d 1 (2010). We think it is clear that the Ohio aggravated assault statute, which requires proof of "serious physical harm" or "physical harm . . . by means of a deadly weapon or dangerous ordnance," Ohio Rev. Code § 2903.12(A)(1)-(2), necessarily requires proof that the defendant used "force capable of causing physical pain or injury." We hold that one can "knowingly . . . [c]ause serious physical harm to another," Ohio Rev. Code § 2903.12(A)(1), only by knowingly using force capable of causing physical pain or injury, i.e., violent physical force, in the context of determining what crime constitutes a "violent felony" under § 924(e)(2)(B)(i).

*Anderson*, 695 F.3d at 400.

Shaw also relies on *United States v. McMurray*, which he cites as published at 655 F.3d 376 (6th Cir. 2011)(Objections, ECF No. 43, PageID 122). A case by that name appears at 653 F.3d 367 (6th Cir. 2011). That case also involved an interpretation of aggravated assault in Tennessee under the same statute as in *Cooper* and is thus inapposite.

Accordingly, it is hereby ORDERED that the § 2255 Motion be DISMISSED with prejudice and that Shaw be DENIED any requested certificate of appealability. The Court hereby certifies to the United States Court of Appeals that an appeal would be objectively frivolous.

November 4, 2015.

Susan J. Dlott
United States District Judge

3