IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:12-cr-74 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER TRANSFERRING MOTION** |
| PIERRE LAMAR SHAW, : | **FOR SUCCESSIVE 28 U.S.C. § 2255** |
| : | **PETITION** |
| Defendant. : | |
| : | |

This matter is before the Court on Defendant Pierre Lamar Shaw's pro se motion to reconsider his sentence (Doc. 49). For the reasons that follow, the Court will **TRANSFER** his motion to the Sixth Circuit Court of Appeals for consideration as a motion for authorization to file a successive 28 U.S.C. § 2255 petition.

On April 4, 2013, Shaw was sentenced to an increased term of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On September 18, 2015, Shaw moved to vacate his sentence under 28 U.S.C. § 2255. (Doc. 37). In support of his motion, Shaw argued that he was entitled to relief on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), where the Supreme Court invalidated the "residual clause" of the ACCA and announced a new substantive rule of constitutional law made categorically retroactive to cases on collateral review by the Supreme Court. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

On November 4, 2015, the Court adopted the Magistrate Judge's reports and recommendations and denied Shaw's 28 U.S.C. § 2255 motion to vacate his sentencing. The Court found *Johnson* to be inapplicable, as the predicate offense Shaw challenged, an Ohio aggravated-assault conviction, qualified as a "violent felony" under the ACCA's use-of-force

clause. (Doc. 44.) On December 21, 2015, Shaw filed a notice of appeal. On September 12, 2016, the Sixth Circuit denied Shaw's certificate of appealability to pursue his appeal of the denial of his motion to vacate. *Shaw v. United States*, No. 15-4413 (6th Cir. Sept. 12, 2016) (Doc. 48).

On October 7, 2020, Shaw filed the motion currently before the Court, arguing once again that his sentence should be reconsidered on the basis that "aggravated assault in Ohio is not a crime of violence [in the] 6th Circuit." (Doc. 49 at PageID 142.) The Court infers that Shaw's arguments may be based on *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019), which found that Ohio's felonious assault and aggravated-assault statutes were too broad to categorically qualify as violent-felony predicates under the ACCA and career offender sentencing guideline elements clauses but that such statutes were divisible. Subsequently, the Sixth Circuit found *Burris* was not a new rule of constitutional law made retroactive to cases on collateral review *by the Supreme Court*. *In re Booker*, No. 18-3437/3764, 797 Fed. App'x 959, 963 (6th Cir. Jan. 7, 2020) (denying motions for authorization to file successive § 2255 petitions).[1]

Because Shaw raises issues that collaterally attack his sentence, the Court construes his motion as one for authorization to file a successive habeas petition which must be transferred to the Sixth Circuit for consideration as a motion for authorization to file a second or successive 28 U.S.C. § 2255 petition. *Id. See* Rules Governing § 2255 Cases, Rule 9; *see also* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

---

[1] This case appears very similar to *In re Booker*.

Accordingly, Shaw's motion is **TRANSFERRED** to the Sixth Circuit Court of Appeals for consideration as a motion for authorization to file a successive 28 U.S.C. § 2255 petition.

**IT IS SO ORDERED.**

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court